# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO
# Judge William J. Martínez

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DARYL FRANCIS YUREK
2.    **WENDY MARIE YUREK**

    Defendants.

---

## ORDER ON MOTIONS TO DISMISS INDICTMENT

---

This matter is before the Court on Defendant Wendy Marie Yurek's ("Defendant") Motion for Severance. (ECF No. 163 (the "Motion").) For the reasons explained below, the Motion is denied.

## I. BACKGROUND

Defendant was jointly indicted along with her husband, co-defendant Daryl Francis Yurek ("Daryl Yurek" or "Mr. Yurek"). (ECF No. 1.) Both Defendants are jointly charged in Counts One and Two of the Indictment, while Daryl Yurek alone is charged in Counts Three, Four, and Five. (*See id.*) The factual background of the charges against Defendants has been set out in several recent and detailed Orders of the Court, and is not repeated here. (*See, e.g.*, ECF Nos. 142, 174, 195.) The case is presently set for a joint trial of both defendants to commence July 17, 2017.

## II. LEGAL STANDARD

Defendant argues for severance and joint trials pursuant to Federal Rule of

Criminal Procedure 14.  (*See* ECF No. 163 ¶ 3.)[1]  The relevant portion of Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires."  Fed. R. Crim. P. 14(a).

To obtain a severance under Rule 14, a defendant must show either a "serious risk" of actual prejudice to a specific protected right or a likelihood that a jury would be unable to make a reliable decision in a joint trial.  *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Williams*, 45 F.3d 1481, 1484 (10th Cir. 1995).  A showing of potential prejudice is not enough to require separate trials, recognizing the public interest in economy and expedition in judicial administration.  *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994).  "There is a preference in the federal system for joint trials of defendants who are indicted together."  *Zafiro*, 506 U.S. at 537.  The decision whether to grant a motion to sever is within the Court's discretion.  *Id.* at 539.

### III.  ANALYSIS

Defendant argues for severance on two distinct grounds, and the Court addresses each in turn.

**A    Prejudice and "Spillover Effect"**

Defendant first argues that "[t]he bulk of the factual allegations in the Indictment are primarily attributable to Daryl Yurek alone," and that the acts for which she is

---

[1] Defendant does not argue that the Indictment improperly joined charges against herself and her husband pursuant to Federal Rule of Criminal Procedure 8.  (ECF No. 163 ¶¶ 2–3.)

charged "are ministerial" in nature. (ECF No. 163 ¶ 6.) As a result, she argues that she will be unfairly prejudiced in a joint trial, and further that the jury will likely view both her and her spouse "as a unit," magnifying the prejudice, (*id.* ¶ 9), and that statute of limitations concerns with the allegations of a lengthy course of conduct will further exacerbate the prejudice (*id.* ¶ 10).

Initially, the Government disputes Defendant's characterization that she was only a minor player in the charged conduct. (ECF No. 167 at 4–6.) This is generally consistent with the Court's own review of the pretrial record and the anticipated trial evidence, as reflected in other recent Court Orders. (*See, e.g.*, ECF No. 174 at 1–6; ECF No. 195 at 4–10.) Indeed, by Defendant's own count, she is alleged to have participated in 15 of the 29 enumerated alleged affirmative acts of tax evasion, as set out in paragraph 16 of the Indictment, either alone or acting together with her husband and co-defendant. (ECF No. 1 at 5–11; ECF No. 163 at 2.) The Court is thus not persuaded that any undue "spillover" risked by a single trial calls for severance. Under the "well settled" principle that "defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials," Defendant has not raised a sufficient argument for severance based on "spillover." *Zafiro*, 506 U.S. at 540.

Defendant also argues that a joint trial will be particularly prejudicial because she and Daryl Yurek are spouses and that "human nature is to regard a married couple as a unit." (*See* ECF No. 163 at 3.) On this point, the Court observes that whatever "human nature" may or may not be, she and her husband and co-defendant were, acting "as a unit" as a legal matter during the central acts and proceedings underlying the

allegations in this case, namely, filing joint tax returns, thereafter not satisfying their joint tax liability, and jointly filing a bankruptcy petition. In any event, Plaintiff cites no authority supporting her request for severance on this basis. Nor does she establish why any alleged "spillover" will not be adequately cured by proper jury instructions directing the jury that to weigh the evidence against each Defendant independently. Absent such authority, Defendant's argument on this point is not sufficient to overcome the "nearly insuperable rule in [the Tenth C]ircuit that a defendant cannot obtain severance simply by showing that the evidence against a co-defendant is more damaging than the evidence against herself." *United States v. Wardell*, 591 F.3d 1279, 1300 (10th Cir. 2009) (internal quotation marks omitted).

Defendant also argues that statute of limitations concerns magnify the potential for prejudice in a joint trial, since to convict on Count One, the Government will need to prove beyond a reasonable doubt that she committed at least one affirmative act of tax evasion after July 29, 2009, but many of the affirmative acts charged against herself or her husband occurred before that date. (ECF No. 163 ¶ 10.) The Court has already acknowledged that "the jury will need to be instructed that to convict either defendant it must find that the individual defendant committed at least one affirmative act of tax evasion within the limitations period." (ECF No. 142 at 9.) Defendant has not shown that this consideration creates undue prejudice or could overcome the strong presumption in favor of a single trial.

Finally, considerations of judicial economy and efficiency weigh very strongly in favor a joint trial. The parties anticipate a trial lasting ten days. The Government estimates there will be approximately 35–40 witnesses, and that all of the Government's

evidence is relevant to one or both of Counts One and Two, in which the defendants are jointly charged. (ECF No. 167 at 3–4.) The Government has disclosed hundreds of exhibits. (ECF No. 190.) Defendant and her husband have jointly disclosed (and, presumably, retained) two expert witnesses. (ECF No. 189.) Given the near total overlap in the very extensive evidence relevant to both Defendants, were the Court were to grant severance, doing so would require a second trial of equal or near equal length, causing wasteful and unnecessary duplication of efforts for the Court and all parties. Even if Defendant had made a much stronger showing of prejudice risked by a joint trial, the Court would still deny her request for severance on grounds of judicial economy and the interests of justice. *See Richardson v. Marsh*, 481 U.S. 200, 210 (1987) ("Joint trials generally serve the interests of justice by avoiding inconsistent verdicts and enabling more accurate assessment of relative culpability—advantages which sometimes operate to the defendant's benefit. Even apart from these tactical considerations, joint trials generally serve the interests of justice by avoiding the scandal and inequity of inconsistent verdicts."); *Dirden*, 38 F.3d at 1140.

**B.** *Bruton* **Analysis**

Defendant also points to certain statements made by Daryl Yurek which the Indictment charges as affirmative acts of tax evasion, and/or elements of a scheme to defraud, and which Defendant argues would be inculpatory against her if admitted at trial. Under *Bruton v. United States*, 391 U.S. 123 (1968), she therefore argues that if her husband exercises his Fifth Amendment right not to testify at trial, she will thereby be denied the opportunity to cross-examine him as to these inculpatory statements, in

5

violation of her rights under the Sixth Amendment's Confrontation Clause. (ECF No. 163 ¶¶ 12–13.)

"In *Bruton*, the Supreme Court held that the admission of a nontestifying codefendant's confession implicating the defendant at their joint trial violates the defendant's Sixth Amendment Confrontation Clause rights." *United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007) (citing *Bruton*, 391 U.S. at 137). Thus, as succinctly summarized by *Wright & Miller*, a *"Bruton* problem" arises only when several conditions are met:

> A *Bruton* problem occurs when multiple defendants are joined for trial and Defendant A makes an out-of-court confession or other statement that implicates Defendant B. The statement is admissible at trial against the speaker, Defendant A, but normally is hearsay and not admissible against Defendant B. In a joint trial, however, the jury will hear the statement incriminate Defendant B when it is introduced against Defendant A, and unless Defendant A takes the stand on his own behalf, Defendant B will not have the chance to cross-examine this evidence against him, in violation of the Confrontation Clause of the Sixth Amendment.

1A Charles A. Wright *et al.*, *Federal Practice & Procedure* § 224 (4th ed., April 2017 update). Where a true *Bruton* problem arises, severance may be the appropriate remedy. However, this case does not present a "*Bruton* problem" requiring severance for several independent reasons.

*First*, the statements which Defendant identifies as creating a *Bruton* problem fall within the scope of Federal Rule of Evidence 801(d)(2)(E) and thus are not hearsay and would be equally admissible in a separate trial against Defendant. (*See* ECF No. 195.) Defendant identifies only four specific statements by her husband which she claims are

inculpatory. (ECF No. 163 at 4–5.) Three of these are sworn testimony offered by Defendant's husband during their joint bankruptcy proceedings, which the Court has specifically found admissible under Rule 801(d)(2)(E). (ECF No. 195 at 23–24.) The fourth is merely a quote from the Indictment alleging that he "gave evasive and misleading testimony" about matters charged. This is not actually an inculpatory statement by Defendant, only the Government's characterization of his prior testimony, all of which the Court has ruled admissible as a co-conspirator statement under Rule 801(d)(2)(E). (*Id.*) Because this testimony would be equally admissible in a separate trial, severance is not an appropriate or required remedy. *See generally* 25 *Moore's Federal Practice—Criminal Procedure* § 614.06[1] & [2] (Matthew Bender ed.) ("out-of-court statements admissible under an exception to the hearsay rule are beyond the scope of *Bruton* protection"; "the conspirator exception to the hearsay rule may eliminate the need for a *Bruton* inquiry" (collecting cases)).

Beyond that, Defendant argues, open-endedly, that "numerous other statements" by her husband included in the Government's *James* proffer under Rule 801(d)(2)(E) are "likely to be offered" at a joint trial. (ECF No. 163 at 5.) As to the very few statements proffered by the Government which the Court found were not admissible under Rule 801(d)(2)(E) (*see* ECF No. 195), Defendant has not identified which ones she is concerned with, nor shown that they are actually inculpatory against her, nor that they would be inadmissible in a separate trial against her. Her speculative argument that a *Bruton* problem might arise based on unspecified but allegedly inculpatory statements does not warrant severance under *Bruton* or overcome the presumption

7

favoring a single trial.

*Second*, the statements at issue are not sufficiently inculpatory against Defendant to create a *Bruton* problem. The Tenth Circuit has held that "the rule announced in *Bruton* is a limited one," and "applies only in those few contexts where the statement is so inculpatory as to the defendant that the practical and human limitations of the jury system cannot be ignored." *Nash*, 482 F.3d at 1218. "In other words, the *Bruton* rule does not apply to statements that are not directly inculpatory but only inferentially incriminating." *Id.* (internal quotation marks omitted); *see also Gray v. Maryland*, 523 U.S. 185, 195 (1998) *(Richardson*[, 481 U.S. at 208,] placed outside the scope of *Bruton*'s rule those statements that incriminate inferentially.").

The statements at issue here at most incriminate Defendant inferentially. Her co-defendant husband did not confess. Both Defendants maintain their innocence. The identified statements are neither actual confessions, as in *Bruton* and its earlier progeny, nor are they directly inculpatory against Defendant to the degree required in the Tenth Circuit before severance would be required under *Bruton*.

*Third*, the statements offered are not testimonial in nature for purposes of Confrontation Clause analysis and this is another independent reason they do not raise a *Bruton* problem.

To implicate the Confrontation Clause, a statement must be "testimonial" in nature. The test of whether a statement is "testimonial" depends primarily on the speaker's intent at the time it was made. *United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010) ("the proper inquiry is whether the declarant intends to bear testimony

8

against the accused" (internal quotation marks omitted; alterations incorporated). The standard for measuring the speaker's intent is an objective one. *Id.* (citing *Davis v. Washington*, 547 U.S. 813, 822 (2006) and *United States v. Summers*, 44 F. 3d 1287, 1302 (10th Cir. 2005)).

Here, although the Court presumes that Mr. Yurek's sworn testimony during the bankruptcy proceedings meets the standard of being a "formal declaration" or "[a] formal statement," *see Smalls,* 605 F. 3d at 778, it was not "testimonial" within the meaning of the Confrontation Clause, because, viewed objectively, it was not offered with the intent of implicating or testifying *against* Defendant.

To the contrary, the Court has determined, in its rulings under Rule 801(d)(2)(E), that Mr. Yurek's statements were made in furtherance of a conspiracy with his wife to jointly commit tax evasion and bankruptcy fraud. Thus Mr. Yurek's testimony was not offered with an intent to implicate his wife. See *United States v. Patterson*, 713 F.3d 1237, 1247 (10th Cir. 2013) ("The admission of these two statements violated neither *Crawford* nor *Bruton* because both statements were made in furtherance of a conspiracy and were therefore nontestimonial."). The testimony to which Defendant objects was offered either to demonstrate her blamelessness or to conceal her criminal acts, depending on which party's view of the facts you believe. Regardless of whether the Government is correct that the Yureks' conduct was criminal, or the Yureks are correct that they are innocent, it is clear that Mr. Yurek's testimony during the bankruptcy proceedings, and his other statements included in the Government's *James* proffer, were not offered with an intent or an expectation that he was thereby implicating

9

his wife in a criminal prosecution, rather than advancing their joint course of conduct.

Nor can the Court find that his statements were made with the "primary purpose" of either proving facts potentially relevant to a criminal prosecution or for use in the investigation or prosecution of a crime. See *Smalls,* 605 F.3d at 778; *United States v. Clark*, 717 F.3d 790, 816 (10th Cir. 2013). The primary purpose of the testimony in the bankruptcy proceedings was, if you believe Defendants, to advance their legitimate attempts to discharge their tax and other liabilities. If you believe the Government, the primary purpose was to unlawfully evade payment of taxes and to advance or conceal a scheme to defraud the IRS. Either way, the primary purpose was not to advance the criminal investigation leading to this case, nor to prove facts that support it.

The Court therefore concludes that Mr. Yurek's allegedly inculpatory statements were not "testimonial" within the meaning of the Confrontation Clause. This provides yet a third independent reason why there is no *Bruton* problem requiring severance. *See, e.g., United States v. Berrios,* 676 F.3d 118, 128 (3d Cir. 2012) ("the Court's holdings in *Davis* and *Crawford* likewise limit Bruton to testimonial statements").

### III. CONCLUSION

For the reasons set forth above, Defendant Wendy Yurek's Motion for Severance (ECF No. 163) is DENIED.

Dated this 30th day of June, 2017.

BY THE COURT:

_____
William J. Martinez
United States District Judge