**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez**

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

     Plaintiff,

v.

1.    DARYL FRANCIS YUREK
**2.    WENDY MARIE YUREK**

     Defendants.

---

## ORDER DENYING REQUEST FOR NEW TRIAL

---

This matter is before the Court on Defendant Wendy Marie Yurek's ("Defendant" or "Ms. Yurek") Motion for New Trial Pursuant to Rule 33 of the Federal Rules of Criminal Procedure. (ECF No. 261(the "Motion").) For the reasons explained below, the Motion is denied.

## I. BACKGROUND

Defendant was jointly indicted along with her husband, Daryl Francis Yurek ("Daryl Yurek," or "Mr. Yurek"). (ECF No. 1.) Both were jointly charged in Counts One and Two, with tax evasion, 26 U.S.C. § 7201, and bankruptcy fraud, 18 U.S.C. § 157(1), respectively. (ECF No. 1.) Daryl Yurek was also charged in Counts Three, Four, and Five, of falsely testifying under oath in bankruptcy proceedings, and of making misstatements in a submission under penalty of perjury to the Internal Revenue Service ("IRS"). (*Id.*) The factual background of the case and the charges has been set out in prior Orders and is not repeated here, and familiarity with this case is presumed. (*See,*

*e.g.*, ECF Nos. 142, 174, 195, 196.)

Prior to trial, Ms. Yurek filed a Motion for Severance requesting a separate trial from her husband.  (ECF No. 163.)  The Court denied that request.  (ECF No. 196.) Following a nine-day joint trial, both Defendants were convicted on all the counts charged against each of them.  (ECF Nos. 252, 253.)

Ms. Yurek now moves for a new trial pursuant to Rule 33, arguing that she was "severely prejudiced by the joint trial with her husband" and by the admission at trial of Mr. Yurek's testimony in a Bankruptcy Rule 2004 hearing, without opportunity for her to cross-examine him.  (ECF No. 261 at 2, 5–7.)

## II.  LEGAL STANDARD

Rule 33(a) of the Federal Rules of Criminal Procedure provides that, "[u]pon the defendant's motion, the court may vacate any judgment and grant a new trial if the interest of justice so requires."  "[I]n deciding a motion for new trial, the court may weigh the evidence and consider the credibility of witnesses in determining whether the verdict is contrary to the weight of the evidence such that a miscarriage of justice may have occurred."  *United States v. Evans*, 42 F.3d 586, 593 (10th Cir. 1994) (internal quotation marks and citation omitted).  "The Court's broad discretion empowers it to grant relief based not only on the sufficiency *vel non* of the evidence at trial but on any other circumstance that might render the trial 'essentially unfair,' including trial errors."  *United States v. D'Amelio*, 636 F. Supp. 2d 234, 238 (S.D.N.Y. 2009).

However, "[d]istrict courts view motions for new trials with disfavor."  *United States v. Lamy*, 521 F.3d 1257, 1266 (10th Cir. 2008).  "[A] litigant is entitled to a fair

trial but not a perfect one, for there are no perfect trials." *McDonough Power Equip., Inc. v. Greenwood*, 464 U.S. 548, 553 (1984) (alteration, internal quotation marks, and citation omitted). "[T]he authority to grant a new trial should be exercised sparingly and with caution." *United States v. Sturdivant*, 513 F.3d 795, 802 (8th Cir. 2008); *see also Richins v. Deere & Co.*, 231 F.R.D. 623, 625 (D.N.M. 2004) (an "alleged error by the trial court constitutes grounds for . . . a new trial only where the trial court concludes that, absent the alleged error, a jury would likely have reached a contrary result").

As to requests for a separate trial, the relevant portion of Rule 14 provides: "If the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). To obtain a severance, a defendant must show either a "serious risk" of actual prejudice to a specific protected right or a likelihood that a jury would be unable to make a reliable decision in a joint trial. *Zafiro v. United States*, 506 U.S. 534, 539 (1993); *United States v. Williams*, 45 F.3d 1481, 1484 (10th Cir. 1995). A showing of potential prejudice is not enough to require separate trials, recognizing the public interest in economy and expedition in judicial administration. *United States v. Dirden*, 38 F.3d 1131, 1140 (10th Cir. 1994). "There is a preference in the federal system for joint trials of defendants who are indicted together." *Zafiro*, 506 U.S. at 537. Like the decision to grant a new trial, the decision whether to grant a motion to sever lies within the Court's sound discretion. *Id.* at 539.

## III.  ANALYSIS

Defendant argues for a new trial, presumably apart from her husband (who has not joined in the request for a new trial, or made one of his own), on the same two grounds on which she requested severance before trial.  The Court previously addressed and rejected both arguments, and herein reaffirms its pretrial reasoning and rulings, and incorporates that analysis by reference (ECF No. 196), while offering the following additional post-trial analysis.

### A.   Prejudice and "Spillover Effect"

Defendant first argues that "it was clear from the evidence at trial that Mrs. Yurek was severely prejudiced by the joint trial with her husband," that a "majority of witnesses testified primarily about their interactions with Daryl Yurek or about information that they claimed was provided or withheld by Daryl Yurek," rather than Ms. Yurek, and that the Government presented some evidence of acts taken by Mr. Yurek without evidence that Ms. Yurek was aware of them.  (ECF No. 261 at 2–3.)  Defendant also argues that the prejudice of being jointly tried with her husband was exacerbated because Defendants are married and therefore "it is human nature for the jurors to perceive them, emotionally and conceptually, not as individuals but as a unit."  (*Id.* at 4.)

The Court considered and rejected these arguments before trial, ruling, in part, that "[t]he Court is . . . not persuaded that any undue 'spillover' . . . calls for severance. Under the 'well settled' principle that 'defendants are not entitled to severance merely because they may have a better chance of acquittal in separate trials,' Defendant has not raised a sufficient argument for severance based on 'spillover.'"  (ECF No. 196 at 3

(quoting *Zafiro*, 506 U.S. at 540).)

The Court holds to that reasoning and result post-trial. As Defendant acknowledges, "the jury was instructed that it was required to consider the evidence separately as it pertained to each of the defendants." (ECF No. 261 at 4; *see also* ECF No. 257 at 8–9, 18–19.) The jury returned separate verdict forms as to each defendant. (ECF No. 256.) Defendant points to no error in the jury's instructions or otherwise in the conduct of trial, and the Court has no reason to believe the jury failed to adhere to the Court's instructions. *See Zafiro*, 506 U.S. at 540 ("even if there were some risk of prejudice . . . it is of the type that can be cured with proper instructions, and juries are presumed to follow their instructions" (internal quotation marks omitted)).

Having presided over trial, the Court remains entirely convinced that there was more than sufficient evidence independently presented against Ms. Yurek to support her conviction, that the jury independently weighed that evidence, and that Ms. Yurek was not improperly prejudiced. The extensive evidence supporting Ms. Yurek's conviction included, for example, her own testimony at the bankruptcy meeting of creditors, the records of Defendants' joint bankruptcy filing, and extensive testimony and documentary evidence reflecting Ms. Yurek's own personal involvement in, and direction of, the Defendants' financial affairs, including the conduct of the business entities for which both Defendants worked, and which provided them the income and payment of personal expenses which were at the center of this case.

As to any special prejudice related to co-defendants who are married, as was true pretrial, Defendant still cites no legal authority calling for severance on this basis, and makes no specific factual or evidentiary argument showing that Defendant was

improperly or unusually prejudiced at trial.  Accordingly, Defendant's "spillover" arguments regarding prejudice do not warrant a new trial.

## B.      Confrontation Clause / *Bruton* Analysis

Defendant also argues that admission of Daryl Yurek's testimony from a Rule 2004 examination during Defendants' bankruptcy case was impermissibly prejudicial to her, and/or a violation of her rights under the Sixth Amendment's Confrontation Clause. (*See* ECF No. 261 at 5–7.)  The Court addressed these same arguments before trial and concluded for several independent reasons that severance was not required, including on Confrontation Clause grounds or under *Bruton v. United States*, 391 U.S. 123 (1968).  (ECF No. 196 at 5–10.)

As to Defendant's argument that the Court erred in finding Mr. Yurek's Rule 2004 testimony was not "testimonial" for Confrontation Clause purposes, she cites no new authority, nor any facts regarding Mr. Yurek's Rule 2004 examination that were not known and considered by the Court before trial.  (*See* ECF No. 261 at 5–6.)  The Court adheres to its pretrial ruling that while Mr. Yurek's Bankruptcy Rule 2004 examination may be viewed as a formal declaration or formal statement, "it was not 'testimonial' within the meaning of the Confrontation Clause, because, viewed objectively, it was not offered with the intent of implicating or testifying *against* Defendant."  (*See* ECF No. 196 at 8–10 (citing, *inter alia*, *Davis v. Washington*, 547 U.S. 813, 822 (2006)*; United States v. Patterson*, 713 F.3d 1237, 1247 (10th Cir. 2013); *United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010); *United States v. Summers*, 44 F. 3d 1287, 1302 (10th Cir. 2005)).)

To briefly reiterate this point, the Confrontation Clause analysis turns on the "primary purpose" test, under which the Court inquires whether, considering the relevant circumstances, the out-of-court statement, had a "primary purpose aimed at obtaining testimonial evidence against the accused." *Ohio v. Clark*, ___ U.S. ___, ___, 135 S. Ct. 2173, 2180 (2015). As the Court reasoned before trial, the primary purpose of Mr. Yurek's Rule 2004 examination was not to provide evidence against his wife, but to advance the Yureks' bankruptcy proceeding. That is equally true whether one views the purpose of the bankruptcy case from the Yureks' point of view, as seeking the lawful discharge of debts, or from the Government's perspective, as seeking to unlawfully evade their tax liabilities. Moreover, the questioning was conducted by an attorney representing the bankruptcy trustee, in service of the trustee's interests, not by a law enforcement agent, nor in the furtherance of any law enforcement investigation. Indeed, the trial testimony of the questioning attorney (Ms. Flora) made clear that she was in no way acting in coordination with or in furtherance of a criminal investigation during the Rule 2004 examination, nor seeking testimony to incriminate Ms. Yurek.

Lastly, Defendant argues that regardless of her Confrontation Clause argument, Ms. Yurek was "greatly prejudiced by her inability to cross-examine [Mr. Yurek] about the content and circumstances of [his Rule 2004 examination]." (ECF No. 261 at 6.) The Court disagrees. Although portions of Mr. Yurek's Rule 2004 examination formed the basis for his conviction on Count 3, the Court adheres to its pretrial conclusion that nothing in the evidence admitted from this examination against Ms. Yurek was so inculpatory against her (on Counts 1 and 2) that it required severance under *Bruton*. Numerous other witnesses and evidence were available at trial for Ms. Yurek to

7

establish or clarify facts regarding her involvement in the bankruptcy proceedings.  The

argument that she may have been entirely unaware that her husband's Rule 2004

examination was taking place does nothing to alter the Court's analysis regarding the

admissibility or the prejudicial impact of his Rule 2004 testimony.  (*See* ECF No. 261 at

6.)  To the extent Defendant renews her objection to the Court's admission of this

evidence under Federal Rule of Evidence 801(d)(2)(E), she offers no new authority or

argument as to how the Court's evidentiary ruling was in error.  (*See* ECF No. 261 at 7;

*see generally* ECF No. 195.)  Accordingly, a new trial is not warranted on these

grounds.

## IV.  CONCLUSION

For the reasons set forth above, Defendant Wendy Yurek's Motion for New Trial

Pursuant to Rule 33 of the Federal Rules of Criminal Procedure (ECF No. 261) is

DENIED.


Dated this 25th day of October, 2017.


BY THE COURT:


William J. Martinez
United States District Judge