IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge William J. Martínez

Criminal Case No. 15-cr-394-WJM

UNITED STATES OF AMERICA,

    Plaintiff,

v.

1.    DARYL FRANCIS YUREK
2.    **WENDY MARIE YUREK**

    Defendants.

---

# ORDER DENYING BAIL PENDING APPEAL

---

This matter is before the Court on Defendant Wendy Marie Yurek's ("Defendant" or "Ms. Yurek") Motion for Bail Pending Appeal. (ECF No. 367 (the "Motion").) For the reasons explained below, the Motion is denied.

## I. BACKGROUND

Ms. Yurek was indicted together with her husband, Daryl Francis Yurek ("Daryl Yurek," or "Mr. Yurek"). (ECF No. 1.) They were jointly charged in Count One with tax evasion, 26 U.S.C. § 7201, and in Count Two with bankruptcy fraud, 18 U.S.C. § 157(1). (ECF No. 1.) Mr. Yurek was also charged in Counts Three, Four, and Five. (*Id*.) The background has been set out in previous orders and is not repeated here. (*See, e.g.*, ECF Nos. 142, 174, 195, 196.)

The Court denied Ms. Yurek's request for separate trials, *United States v. Yurek*, 2017 WL 2834545 (D. Colo. June 30, 2017) (ECF No. 196), and following a nine-day joint trial, both Defendants were convicted on all counts. (ECF Nos. 252, 253.)

Ms. Yurek then moved for a new trial, arguing she had been prejudiced by the joint trial. (ECF No. 261.) The Court also denied this request, *United States v. Yurek*, 2017 WL 4805173 (D. Colo. Oct. 25, 2017) (ECF No. 273), and has since imposed a sentence that includes a prison term (ECF No. 352). Defendant has appealed, and now requests release pending resolution of her appeal. (ECF Nos. 359, 367.)

## II. LEGAL STANDARD

"There is no constitutional right to bail pending appeal." *United States v. Affleck*, 765 F .2d 944, 948 (10th Cir. 1985) (*en banc*). Rather, the "general rule" is that a defendant who has been convicted will be detained on his or her sentence pending an appeal. *See United States v. Fisher*, 613 F. App'x 748, 749 (10th Cir. 2015). Release pending appeal is governed by 18 U.S.C. § 3143(b), under which the Court "shall order" Defendant to be detained, unless it finds both: (1) that Defendant is not likely to flee or pose a danger to the community; and also, (2) that her appeal "is not for the purpose of delay and raises a substantial question of law or fact" that is likely to result in reversal or other substantial relief on appeal. *See* § 3143(b)(1).[1] Defendant

---

[1] The relevant statutory text reads as follows:

> Release or detention pending appeal by the defendant.—* * * the judicial officer shall order that a person who has been found guilty of an offense and sentenced to a term of imprisonment, and who has filed an appeal or a petition for a writ of certiorari, be detained, unless the judicial officer finds—
>
> (A) by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released under section 3142(b) or (c) of this title; and
>
> (B) that the appeal is not for the purpose of delay and raises a substantial question of law or fact likely to result in—

has the burden to show she meets these criteria. *Affleck*, 765 F.2d at 946.

To apply § 3145(b), the Tenth Circuit prescribes a "two-step analysis." *Id.* at 952. "First, the court must decide that the appeal raises a 'substantial' question of law or fact." *Id.* "[A] 'substantial question' is one of more substance than would be necessary to a finding that it was not frivolous. It is a 'close' question or one that very well could be decided the other way." *Id.* "Whether a particular question is 'substantial' must be determined on a case-by-case basis." *Id.*

Second, the Court asks "if that substantial question is determined favorably on appeal," would that result be "likely to result in reversal or an order for a new trial of all counts on which imprisonment has been imposed." *Id.* This part of the analysis bears on "the significance of the substantial issue to the ultimate disposition of the appeal." *Id.* (quoting *United States v. Miller*, 753 F.2d 19, 24 (3d Cir. 1985)). Thus, a question "may be substantial but may, nonetheless, in the circumstances of a particular case, be considered harmless." *Id.* To justify release, the question raised must be "so integral to

---

        (i) reversal,
        (ii) an order for a new trial,
        (iii) a sentence that does not include a term of imprisonment, or
        (iv) a reduced sentence to a term of imprisonment less than the total of the time already served plus the expected duration of the appeal process.

If the judicial officer makes such findings, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c) of this title, except that in the circumstance described in subparagraph (B)(iv) of this paragraph, the judicial officer shall order the detention terminated at the expiration of the likely reduced sentence.

18 U.S.C. § 3143(b)(1 ). Section 3143(b)(2) provides different standards that apply to violent crimes and other cases specified by 18 U.S.C. § 3142(f)(1), but is not applicable here.

the merits of the conviction on which defendant is to be imprisoned that a contrary appellate holding is likely to require reversal of the conviction or a new trial." *Id.*

## III.  ANALYSIS

### A.  Danger, Flight Risk, and Delay

The Court has previously found Defendant does not pose a flight risk and does not pose a danger to the community.  The Government does not dispute those findings, and the Court does not revisit them.  The Court also finds under § 3143(b)(1)(8) that Defendant's appeal is not for the purpose of delay.

### B.      Substantial Question

The Court agrees with both parties that the controlling issue is whether Ms. Yurek has raised a "substantial question" of law or fact.  Ms. Yurek argues the denial of her request for separate trials raises a substantial question.  (ECF No. 367 at 3–8.)  However, she only re-raises arguments the Court has twice before rejected.  Indeed, much of Defendant's present motion is a near-verbatim copy of her motion requesting a new trial, adding nothing new.  (*Compare* ECF No. 261 at 2–8 *with* ECF No. 367 at 3–8.)  The Court adopts and incorporates the analysis of its prior orders denying severance and a new trial (ECF Nos. 196 & 273), adding only additional points that bear on whether a "substantial question" has been raised.

1. Prejudicial "Spillover" Evidence

First, Ms. Yurek argues she was prejudiced because more evidence at trial implicated her husband than herself. (ECF No. 367 at 4–6.)  But the Court maintains its view that "there was more than sufficient evidence independently presented against

Ms. Yurek to support her conviction, that the jury independently weighed that evidence, and that Ms. Yurek was not improperly prejudiced." (ECF No. 273 at 5.)[2]

Given the jury's instructions to weigh the evidence separately against the Defendants (ECF No. 257 at 8-9, 18-19), the "preference . . . for joint trials" in the federal system, *United States v. Zafiro*, 506 U.S. 534, 537 (1993), the "well settled" rule "that defendants are not entitled to severance merely because they may have a better chance of acquittal," *id.* at 539, and the direction that when defendants are properly joined, "a district court should grant a severance . . . only if there is a serious risk that a joint trial would compromise a specific trial right . . . or prevent the jury from making a reliable judgment about guilt or innocence," *United States v. Morgan*, 748 F.3d 1024, 1043 (10th Cir. 2014) (internal quotation marks omitted), Ms. Yurek has not shown the denial of severance raises a "substantial question" under § 3143(b) and *Affleck*.

2. Confrontation Clause & *Bruton*

Second, Defendant revisits her argument that severance was required because admission of her husband's testimony from a Bankruptcy Rule 2004 examination violated her rights under the Sixth Amendment's Confrontation Clause, given that her husband invoked his right not to testify at trial, and Ms. Yurek was therefore unable to cross-examine him regarding the Rule 2004 examination, allegedly raising a problem under *Bruton v. United States*, 391 U.S. 123 (1968). (*See* ECF No. 367 at 6–8.)

Again, Ms. Yurek raises no new arguments and the Court's previously-stated

---

[2] The Government's present briefing summarizes some of the evidence independently supporting Ms. Yurek's conviction (ECF No. 371 at 4-6), in addition to that mentioned in the Court's Order denying a new trial (ECF No. 273 at 5).

5

reasons for rejecting her arguments also compel the conclusion that this does not present a "substantial question." (ECF No. 196 at 8–10; ECF No. 273 at 6–8.) Mr. Yurek did not testify in the Rule 2004 examination as a "witnes[s] against the accused [*i.e.*, Ms. Yurek]," see *Crawford v. Washington*, 541 U.S. 36, 51 (2004) (emphasis added), nor, viewed objectively, was his Rule 2004 testimony in their joint bankruptcy case offered with a "primary purpose . . . for use in the investigation or prosecution of a crime," *United States v. Smalls*, 605 F.3d 765, 778 (10th Cir. 2010); therefore, it was not "testimonial" within the meaning of controlling Confrontation Clause precedents.[3]

Further, even if the Court erred in finding Mr. Yurek's Rule 2004 testimony was not "testimonial," it was, at most, "inferentially incriminating" against Ms. Yurek, and therefore did not require severance under *Bruton*. *See United States v. Nash*, 482 F.3d 1209, 1218 (10th Cir. 2007). The Court therefore finds the denial of severance does not raise a "substantial question" that could have been resolved the other way. *See Affleck*, 765 F.2d at 952.

**C.    Likely to Result in Reversal or a New Trial**

Lastly, even assuming the denial of severance did present a "substantial" question, the Court is unpersuaded that "a contrary appellate holding [would be] likely to require reversal . . . or a new trial." *Id.* at 952; 18 U.S.C. § 3143(b)(1)(B)(i)–(iv). While

---

[3] To the extent Ms. Yurek suggests the "primary purpose" test should not apply to formal testimony offered in a prior proceeding, even if it did not have the purpose of investigating or prosecuting the accused, she has never cited authority contradicting the established Tenth Circuit test, which this Court must apply. (*See* ECF No. 367 at 6-7 (conceding Mr. Yurek "clearly was not intending to bear testimony against Ms. Yurek," but arguing "the technical phrasing of the 'primary purpose' test must yield," and that its policy "does not apply here").)

6

review of alleged *Bruton* error is *de novo*, *Nash*, 482 F.3d at 1218, it is also subject to harmless error analysis, as where the evidence allegedly admitted in violation of *Bruton* was insignificant in comparison to the other evidence supporting the conviction, *id.* at 1219. Moreover, as noted, the Court's denial of severance on *Bruton* grounds rested on several independent grounds, which Ms. Yurek has challenged only in part. (*See* ECF No. 196 at 6–10.) Otherwise, the denial of severance is reviewed for abuse of discretion. *United States v. Pursley*, 577 F.3d 1204, 1215 (10th Cir. 2009). While Ms. Yurek cites extra-circuit authority to argue the prejudice of a joint trial calls for reversal, it was not true that either Mr. or Ms. Yurek "had to undermine [the other's] defense to establish their own innocence," *United States v. Romanello*, 726 F.2d 173, 181 (5th Cir. 1984); nor did they present "mutually exclusive defenses," *United States v. Tootick*, 952 F.2d 1078, 1086 (9th Cir. 1991).

Finally, while Ms. Yurek lists other issues which might be raised on appeal, arguing the "cumulative effect of errors . . . may result in reversal," she does so in conclusory fashion, without identifying how the Court erred or showing how reversal is likely. This is insufficient to carry her burden under § 3143(b).

## IV. CONCLUSION

For the reasons set forth, above, the Court ORDERS as follows:

1. Defendant Wendy Yurek's Motion for Bail Pending Appeal (ECF No. 367) is DENIED; and,

2. Defendant REMAINS OBLIGATED and is DIRECTED to surrender on April 27, 2018, as previously ordered (*see* ECF Nos. 352 & 362).

Dated this 24th day of April, 2018.

BY THE COURT:

William J. Martínez
United States District Judge